IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COOPER, | : | Civil No. 1:22-CV-00721 |
| Petitioner, | : | |
| v. | : | |
| LAUREL HARRY, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is an amended petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Michael Cooper ("Petitioner"). (Doc. 1.) The crux of Petitioner's argument is that he is being asked to admit guilt in order to qualify for parole, which he asserts violates his Fifth Amendment right against self-incrimination. This case is similar to *Roman v. DiGuglielmo*, 675 F.3d 204 (3d Cir. 2012), and on the basis of this precedent, the court finds that no Fifth Amendment violation has occurred. Therefore, the court will dismiss the § 2254 petition and close the case.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 21, 2016, Petitioner was sentenced to a minimum term of six and one-half years and a maximum term of thirteen years of incarceration after being found guilty by a jury of aggravated assault and endangering the welfare of a

child.  (Doc. 10-1, pp. 2, 26–27.)[1]  His sentence effective date is June 19, 2015, which results in a minimum release date of December 19, 2021, and a maximum release date of June 19, 2028.  (*Id*., p. 2.)

On August 30, 2021, the Pennsylvania Parole Board ("the Board") denied Petitioner's parole application for the following reasons: (1) reports, evaluations and assessments/level of risk indicates he is a risk to the community; (2) his failure to demonstrate motivation for success; (3) his minimization/denial of the nature and circumstances of the offenses committed; (4) his refusal to accept responsibility for the offenses committed; (5) his lack of remorse for the offenses committed; (6) his failure to develop a parole release plan; and (7) his lack of insight into his offending.  (Doc. 1-1, p. 1; Doc. 10-1, p. 30.)

On April 25, 2022, Petitioner was denied parole a second time for many of the same reasons: (1) risk and needs assessment indicating he is a risk to the community; (2) reports, evaluations, and assessments/level of risk indicates he is a risk to the community; (3) his minimization/denial of the nature and circumstances of the offenses committed; (4) his refusal to accept responsibility for the offenses committed; (5) his lack of remorse for the offenses committed; and (6) his failure to develop a parole release plan.  (Doc. 1-1, p. 3; Doc. 10-1, p. 32.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Petitioner appealed the April 25, 2022, but the Board dismissed the appeal on May 16, 2022, stating that there is no right to review a parole denial because the decision falls within the Board's discretion. (Doc. 10-1, p. 34.)

On May 17, 2022, Petitioner filed the instant petition in this action under 28 U.S.C. § 2254. (Doc. 1.) The petition sets forth five challenges: (1) Respondent(s) and their parole process violated Petitioner's First Amendment right not to speak by requiring Petitioner to admit guilty in order to be granted Parole; (2) Respondent(s) and their parole process violated Petitioner's Fifth Amendment right against self-incrimination by requiring Petitioner to admit guilty in order to be granted parole while Petitioner's case is still under collateral review; (3) Respondent(s) violated Petitioner's First Amendment right not to be retaliated against when parole was denied because Petitioner exercised his First Amendment Right not to speak and his Fifth Amendment right against self-incrimination; (4) Respondent violated Petitioner's Fifth Amendment right against double jeopardy when the Board increased his minimum sentence; and (5) Respondent(s) violated Petitioner's Fourteenth Amendment right to due process, equal protection, and substantive due process by the aforementioned violations of Petitioner's rights. (Doc. 1.)

The court entered an order on July 11, 2022, serving the petition on Respondents and requiring a response. (Doc. 6.) This response was filed on

August 11, 2022. (Doc. 10.) Petitioner filed a traverse on October 5, 2022 following an extension of time. (Doc. 16.) The petition is now ripe to be addressed by the court.

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), which is located in Cumberland County in this district. *See* 28 U.S.C. § 118(b). Therefore, venue in this district is proper.

## STANDARD OF REVIEW

The Supreme Court has held that the granting of parole prior to the expiration of a prisoner's maximum term of imprisonment is not a liberty interest protected by the Fourteenth Amendment's Due Process Clause. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The existence of a state parole system alone does not create a constitutionally protected liberty interest. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Pennsylvania's Probation and Parole Act does not grant state prisoners any constitutionally protected liberty interest in being released on parole prior to the expiration of their

4

maximum sentences. *See McFadden v. Lehman*, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997).

However, while a petitioner has no procedural due process right to parole, the Third Circuit has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *See Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Consequently, a federal court may review a decision by the Board only for abuse of discretion. *See id.* Upon such review, relief is available only if a petitioner can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the Board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole." *See id.* at 236 n.2. Relief is also available if the Board's determination was rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972).

Therefore, "federal courts . . . are not to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision." *See Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002); *see also Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001). The Third Circuit has clarified that the "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *See Hunterson*, 308 F.3d at 247.

## DISCUSSION

Petitioner asserts that the Board's denial of his parole application violated his rights protected by the First, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. 1.)

### A. The Board's Decision Did Not Violate Petitioner's First Amendment Right to Remain Silent.

Petitioner alleges that the Board's decision violated two of his rights protected by the First Amendment: (1) the right to remain silent; and (2) the right to be free from retaliation. (Doc. 1.) The First Amendment retaliation claim is contingent on Petitioner's Fifth Amendment claim, and will be resolved in the Fifth Amendment discussion. *See infra*. The court will address Petitioner's claim that the Board violated his First Amendment right to remain silent.

The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I.

Petitioner asserts that he exercised his right to remain silent by not admitting guilt during the parole hearing, which was then considered as a factor in support of denying his parole, and that such consideration violated his First Amendment rights. (Doc. 1, p. 2.) The right against self-incrimination, also referred to as the right to remain silent, is protected by the Fifth Amendment, not the First Amendment, and is addressed at length below. Petitioner has not identified any authority to support his assertion of a First Amendment right to remain silent in the context of a Board hearing, and Petitioner's challenge is without merit.

### B. The Board's Decision Did Not Violate Petitioner's Fifth Amendment Rights.

Petitioner alleges that the Board's decision violated two of his rights protected by the Fifth Amendment: (1) the right against self-incrimination; and (2) the right against double jeopardy. (Doc. 1.) The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor

7

> be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

### 1. Right Against Self-incrimination

Petitioner alleges that the Board's consideration of his refusal to admit guilt as a factor in support of the decision to deny his parole application is a violation of the Fifth Amendment right against self-incrimination. (Doc. 1, p. 3.)

The Fifth Amendment's right against self-incrimination is violated only when one has been compelled to be a witness against himself in a criminal case. *Chavez v. Martinez,* 538 U.S. 760, 770 (2003); *Renda v. King*, 347 F.3d 550, 559 (3d Cir. 2003). A plurality of the Supreme Court has expressly held that being subjected to more restrictive prison conditions as a consequence for failing to participate in certain treatment programs that require an inmate to accept responsibility as the beginning of rehabilitation does not violate the Fifth Amendment. *McKune v. Lile*, 536 U.S. 24 (2003).

In a detailed opinion analyzing the Supreme Court's plurality decision in *McKune*, the Third Circuit determined that requiring an inmate to admit responsibility as a condition for entering sex offender treatment that itself was a requirement of parole did not qualify as "compulsion" and therefore did not violate the Fifth Amendment. *See Roman*, 675 F.3d at 214 ("Roman's Fifth Amendment

claim fails because the consequence he faces – the repeat denial of parole for refusing to participate in the sex offender rehabilitation program – does not rise to the level of compulsion necessary to violate the Fifth Amendment."). In reaching this conclusion, the Third Circuit notes that inmates have no right to parole, and the requirement of acknowledging responsibility as a prerequisite to participating in treatment did not alter or enhance the inmate's sentence or impose greater punishment than what was already imposed through sentencing on the underlying charges. *Id*.

The Third Circuit found that the state had presented inmates convicted of sex crimes with a choice: they could admit to their misconduct and participate in treatment programs that were a condition of parole or they could opt out. *Id*. at 215. That Court recognized that while this presents an "exceedingly difficult choice," it nevertheless was not compulsory, and did not run afoul of the Fifth Amendment's guaranty against compelled self-incrimination. *Id*. at 215 ("Whether we view the Board's focus on Roman's participation in the program as a measure of his fitness for parole, or as a condition of parole, it stands to reason that a state may offer an incentive for participation in such rehabilitative programs—here, the opportunity for early release—without obligating itself to reward an inmate who chooses not to participate because he considers that reward outweighed by the cost.")

The Third Circuit's discussion in *Roman* is applicable to Petitioner's Fifth Amendment argument in this case. Following the August 30, 2021 parole denial decision that considered Petitioner's minimization/denial of the nature and circumstances of the offenses committed and his refusal to accept responsibility, Petitioner was aware that an admission by him could increase the likelihood of parole being granted, but it may also affect the pending appeal of his conviction. He was faced with a difficult choice as discussed *Roman*, and he continued to choose to not admit guilt. Then, the April 25, 2022 denial of parole again considered Petitioner's minimization/denial of the nature and circumstances of the offenses committed and refusal to accept responsibility for the offenses committed as factors supporting the denial. This is no different than Roman's refusal to admit guilt and participate in sex offender treatment. The choice did not extend either prisoner's sentence, it simply resulted in the denial of parole. Importantly, inmates do not have a right to parole. Therefore, the Board's reliance, in part, on Petitioner's refusal to admit guilt did not violate the Fifth Amendment.

Because the Third Circuit has framed the admission of guilt in parole proceedings as a choice made by inmates and not a compulsion as prohibited by the Fifth Amendment, Petitioner's First Amendment retaliation claim also fails. He is not being punished for exercising a constitutional right. He is making a strategic decision to protect his chances of success on appeal. This choice has the

consequence of reducing the likelihood that he will receive parole.  However, his refusal to accept responsibility is not the only factor the Board considered.  It is not clear in any event that Petitioner would receive parole if he elected to admit guilt.  In this case, Petitioner has not established that the Board arbitrarily denied parole.  Therefore, Petitioner's Fifth Amendment self-incrimination claim and his First Amendment retaliation claim cannot succeed.

### 2. Double Jeopardy

Petitioner alleges that the Board violated the Fifth Amendment protection against double jeopardy when it increased his minimum sentence.  (Doc. 1, p. 4.)  In making this argument, Petitioner equates a denial of parole with an extension of the minimum sentence.  (*Id.*)

The Supreme Court has determined that the Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997).  There is "no right or entitlement to parole under Pennsylvania law." *Roman*, 675 F. 3d at 214 (citing *Commonwealth v. Brittingham*, 442 Pa. 241 (1971)).  Therefore, by denying parole, Petitioner's sentence was not lengthened nor were the actual conditions of his imprisonment altered.  There was no "imposition of multiple criminal punishments for the same offense" and, thus, no violation of the Fifth Amendment.

### C. The Board's Decision Did Not Violate Petitioner's Fourteenth Amendment Rights.

Petitioner presents a catch-all argument that he was denied parole for arbitrary or constitutionally impermissible reasons, thus violating his Fourteenth Amendment rights. (Doc. 1, pp. 4–5.) Since the court finds that no constitutional rights have been violated by the Board decision, there has been not violation of due process or equal protection. Thus, this challenge lacks merit.

### D. A Certificate of Appealability Will Not Be Issued.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus.

A separate order will be issued.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 27, 2023